FILED'08 JAN 07 12:52USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JOSEPH BOVA, and MARLENE
SCUDDER,

               Civ. No. 06-1369-PA

       Plaintiffs,

   v.               **ORDER**

CITY OF MEDFORD and MICHAEL
DYAL,

       Defendants.

**PANNER, J.**

Plaintiffs Joseph Bova and Marlene Scudder[1], who are
employed by the City of Medford, bring this action against
defendants the City of Medford and Michael Dyal, City Manager.

Plaintiffs claim that defendants are violating a state
statute, Or. Rev. Stat. (ORS) § 243.303(2), and a City Resolution
implementing the statute, by failing to provide health insurance
that allows continued coverage after retirement.  Plaintiffs also

---

[1] Scudder retired after plaintiffs filed the complaint.

claim that defendants deprived them of a protected property interest in continued health insurance coverage and discriminated against them based on their age, in violation of state and federal law.  Plaintiffs seek injunctive and declaratory relief.

This is a companion case to Doyle v. City of Medford, Civ. No. 06-3058-PA.  In Doyle, I granted summary judgment to the defendants (the same defendants as here) on the plaintiffs' federal claims for age discrimination and civil rights violations, and declined to exercise supplemental jurisdiction over the plaintiffs' state law claims.  Doyle v. City of Medford, 2007 WL 2248161 (D. Or. July 30, 2007).  The plaintiffs in Doyle have appealed that judgment.

The legal basis for the plaintiffs' federal claims here is essentially the same as the claims in Doyle.  The principal difference between the two actions is that plaintiffs here seek injunctive and declaratory relief, not damages.

Based on Doyle's reasoning, I deny plaintiffs' motion for summary judgment and grant defendants' motion for summary judgment as to the federal claims, and dismiss the state law claims with leave to refile in state court.  I deny plaintiffs' motion to strike defendants' answer.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  If the

moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**DISCUSSION**

## I.  Motion for Summary Judgment

Defendants move for summary judgment on the third claim for relief under 42 U.S.C. § 1983, and on the fourth claim for relief for age discrimination under the federal ADEA.

### A.  Claim for Relief under 42 U.S.C. § 1983

Plaintiffs allege that defendants violated plaintiffs' rights to due process by failing to provide health insurance that allowed coverage after retirement.  Plaintiffs' due process claim depends on the existence of a property interest protected by state law.  The existence of a protected property interest depends on whether ORS 243.303(2) or the City Resolution deny the City discretion on whether to provide employees with health insurance coverage after retirement.

In Doyle, I granted the defendants' motion for summary judgment on a virtually identical claim.  In Doyle, I reasoned that because ORS 243.303(2) requires that the City provide employees with health care coverage after retirement only "insofar as and to the extent possible," the statute did not sufficiently restrict the City's discretion so as to create a property interest.  The same reasoning applies here.

Plaintiffs distinguish the decisions cited in the <u>Doyle</u> opinion, and argue that the City of Medford's discretion under ORS 243.303(2) "is subject to an articulable standard (whether insurance coverage for retirees is 'possible')." Pltfs.' Mem. at 7. I adhere to my reasoning in <u>Doyle</u> and grant summary judgment to defendants on plaintiffs' § 1983 claim.

**B. Fourth Claim for Relief under the ADEA**

In their fourth claim for relief, plaintiffs contend that defendants discriminated against them because of their age by failing to provide health insurance which allowed coverage after retirement. In <u>Doyle</u>, I rejected a similar claim, reasoning that "retirement status, while correlated with age, is 'analytically distinct' from age. There is no evidence that age was a motivating factor in the City's decision to deny plaintiffs continued coverage under the City's health insurance program." <u>Doyle</u>, 2007 WL 2248161 at *5.

Plaintiffs argue that they should be permitted to conduct discovery to support their age discrimination claims. I conclude that plaintiffs have not shown that further discovery is required. See <u>Maljack Prods. v. GoodTimes Home Video Corp.</u>, 81 F.3d 881, 887-88 (9th Cir. 1996). This court has discretion in resolving motions under Rule 56(f). For the reasons stated in <u>Doyle</u>, I grant summary judgment for defendants on plaintiffs' claim under the ADEA.

/ / / /

4  - ORDER

As in Doyle, I decline to exercise jurisdiction over
plaintiffs' claims under state law.  See 28 U.S.C. § 1367(c).

## II.  Motion to Strike Answer

Plaintiffs initially filed this action on September 29,
2006, with an amended complaint on October 2, 2006.  Defendants
filed their answer on October 15, 2007, after plaintiffs noted in
their summary judgment briefs that defendants had not filed an
answer.  Plaintiffs now move to strike the answer, contending
that it should have been filed no later than December 26, 2006,
sixty days after defendants waived service of summons.

This case was effectively on hold while Doyle was litigated.
After the judgment in Doyle was issued, I held a status
conference in this case on August 23, 2007.  Defendants filed
their motion for summary judgment the next day, but did not file
an answer until October.

Generally, striking an answer is disfavored because "[c]ases
should be decided upon their merits whenever reasonably
possible."  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)
(citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814
(9th Cir. 1985)).  In Rashidi v. Albright, 818 F. Supp. 1354,
1356 (D. Nev. 1993), aff'd, 1994 WL 594637 (9th Cir. Oct. 31,
1994) (unpublished disposition), the defendant filed a motion for
summary judgment instead of an answer.  The plaintiff argued that
a motion for summary judgment could not take the place of an
answer.  The district court denied the plaintiff's motion for

default judgment, stating:

> The better practice would have been to file an answer;
> however, the rules allow a defending party to move for
> a summary judgment "at any time."  Fed. R. Civ. P.
> 56(b).  Reasons exist for the postponement of the
> responsive pleading until the determination of a motion
> for summary judgment which will be entirely dispositive
> of the action if the rules are construed as required by
> Fed. R. Civ. P. 1 to secure the just, speedy and
> inexpensive determination of every action.  There seems
> little reason to require a long, burdensome and
> expensive investigation to file an answer when the
> contents of the answer may be entirely useless by the
> dispositive nature of the action on the motion.

Id.  Under Rule 55, the court may grant default judgment when "a

party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend as provided by these

rules."  (Emphasis added.)  In denying the motion for default

judgment, the Rashidi court held that "a summary judgment motion

which speaks to the merits of the case and demonstrates a

concerted effort and an undeniable desire to contest the action

is sufficient to fall within the ambit of 'otherwise defend.'"

Id. (quoting Fed. R. Civ. P. 55).  The same reasoning applies

here.  I deny plaintiffs' motion to strike defendants' answer.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

6   - ORDER

## CONCLUSION

Plaintiffs' motion for summary judgment (#11) and motion to strike answer (#29) are denied. Defendants' motion for summary judgment (#8) is granted as to plaintiffs' claims under 42 U.S.C. § 1983 and the ADEA. Plaintiffs' remaining claims under state law are dismissed without prejudice and with leave to refile in state court.

IT IS SO ORDERED.

DATED this _____7_____ day of January, 2008.

OWEN M. PANNER
U.S. DISTRICT JUDGE